IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

      Plaintiff,                      No. CIV S-10-3407 KJM DAD P

    vs.

GUY GILLEN,

      Defendant.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed

1

1 on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could
2 be granted.  Where a court denies a prisoner's application to file an action without prepayment of
3 fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim
4 upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g).
5 O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

6      Review of court records reveals that, on at least three prior occasions, lawsuits
7 filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or
8 failed to state a claim upon which relief may be granted.  See Weaver v. California Correctional
9 Institution Building A-4A-4, et al., No. 1:06-cv-1429 OWW-SMS P, 2007 WL 1183014, at *1 n.1
10 & n.3 ( E.D. Cal. Apr. 20,2007) (dismissing action as frivolous and malicious and noting three
11 prior cases filed by plaintiff in this court that were dismissed for failure to state a claim or as
12 frivolous as well as the large number of other actions filed by plaintiff in this court).[1]  Plaintiff is
13 therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under
14 imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff has not alleged any
15 facts which suggest that he is under imminent danger of serious physical injury.[2]  Thus, plaintiff
16 must submit the appropriate filing fee in order to proceed with this action.

17      In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall
18 submit, within twenty-one days from the date of this order, the filing fee of three hundred and fifty
19 /////
20 /////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] In his complaint, plaintiff alleges that he was "thrown out" of a half-way house with no place to go even though he is a "special needs inmate E.O.P[.] on psych medications[.]"  (Compl. at 5.)  Plaintiff names his parole agent, Guy Gillen, as the sole defendant in this action.  Plaintiff contends that he tried to call defendant Gillen for four days "to no avail [and that] [p]laintiff was arrested at the Parole Unit."  (Id.)  Plaintiff seeks $50,000 in monetary damages and $50,000 in punitive damages.  Plaintiff is currently housed at Deuel Vocational Institution.

1 dollars ($350.00).  Plaintiff's failure to comply with this order will result in a recommendation
2 that this action be dismissed.
3 DATED: October 4, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
weav3407.1915